[No. 31332. Department One. August 23, 1950.]

ARTHUR OLSEN, *Respondent*, v. F. J. WHITE *et al.,*
*Appellants.*[1]

[1]Reported in 221 P. (2d) 542.

R. W. *Miller*, for appellants.

*Ralph Purvis* and *James B. Sanchez*, for respondent.

SCHWELLENBACH, J.—Plaintiff commenced action against defendants for work and labor allegedly performed at defendants' special instance and request. Paragraph 3 of the complaint alleged the following itemized statement of account:

| "1/1/48 | No. 4207 | $1565.25 | Paid on acct.: | |
|---------|----------|----------|----------------|---|
| 1/28/48 | No. 4236 | 44.16 | 8/4 | $250.00 |
| 3/4/48 | No. 4440 | 233.33 | 8/5 | 50.00 |
| 3/16/48 | No. 4474 | 3.86 | 10/14 | 300.00 |
| 6/8/48 | No. 4850 | 1286.46 | 1/12/48 | 300.00 |
| 5/17/48 | No. 4774 | 6.70 | 5/4/48 | 500.00 |
| 11/22/48 | No. 89 | 85.58 | Credit ret'd | |
| | | | mdse | 300.00 |
| | | $3225.34 | | |
| | | 1700.00 | | $1700.00" |
| | | $1525.34 | | |

After denying the allegations of Paragraph 3, defendants set up what they designated "An Affirmative Defense and Cross-Complaint," wherein they alleged: That defendant corporation was desirous of installing a fertilizer plant and that plaintiff represented himself as being a licensed engineer, qualified to make such installations; that plaintiff and defendant corporation entered into an agreement whereby plaintiff, for a consideration of $722, agreed to supply a dryer shell, an agitator, complete with bearings, a burner and blower with ducts to meet the needs of defendant; that defendant advised plaintiff that the equipment would have to be installed in such a manner as to permit production of

eighty to one hundred bales of peat moss fertilizer having a moisture content of twenty per cent; that plaintiff represented to defendant that he could and would furnish the equipment of sufficient strength and workmanship to produce defendants' requirement.

That plaintiff installed the equipment under the contract, but that the equipment was faulty and installation was not done in a workmanlike manner, and defendant has not been able to use it for any purpose and it will be necessary for the equipment to be taken out and new equipment and installation be made; that plaintiff has, for many months, attempted to place the equipment in a working condition, without avail; that the extra charges made by plaintiff over and above the original contract price agreement have resulted by reason of plaintiff's endeavor to carry out the terms of his original contract; that as a result defendant corporation has been damaged in the sum of $1,700 (the total sum paid to plaintiff), and further at the rate of $120 per day for a period of fourteen months. Plaintiff, by reply, denied the above allegations.

At the close of all of the testimony the trial court granted plaintiff's motion to dismiss the cross-complaint and directed a verdict in favor of plaintiff for the full amount prayed for, and judgment was entered accordingly. Defendants moved for judgment n.o.v., or, in the alternative, for a new trial. Upon the denial of both motions defendants appealed.

A challenge to the sufficiency of the evidence, a motion for nonsuit, a motion for a directed verdict, or a motion for judgment notwithstanding the verdict admits the truth of the evidence of the party against whom the motion is made and all inferences that reasonably can be drawn therefrom, and requires that the evidence be interpreted most strongly against the moving party and in the light most favorable to the opposing party. *Billingsley v. Rovig-Temple Co.,* 16 Wn. (2d) 202, 133 P. (2d) 265, and cases therein cited. *Williams v. Hofer,* 30 Wn. (2d) 253, 191 P. (2d) 306. When confronted with such a situation it becomes the duty of the court to be guided by the above rule,

rather than to consider all of the evidence presented during the trial.

With the above rule in mind, let us examine the evidence. W. A. Hoffman, one of the appellants, testified that in August, 1947, he went to see respondent for the purpose of installing a peat moss plant; that he told respondent what they intended to accomplish; gave him the capacity of twenty bales per hour; told him the heat temperature and all details; that they would require around five hundred to six hundred degrees of heat; that Olsen said they could build it, made a sketch, and gave an estimate of $723.64; that Hoffman told him to go ahead, and said: "Now it is up to you to pick out the materials that would be suitable for the job," and Olsen replied, "Okay, and I will pick it out."

He testified that the agreement was that Olsen was to build and install the dryer so it would produce the amount they wanted; that he never gave Olsen any dimensions or instructions as to how or what type of material was to be used because he (Hoffman) did not know enough about it. As to the charges above the estimate of $723.64, Hoffman testified that Olsen was trying to correct his mistakes.

Further testimony on behalf of appellants was to the effect that the dryer was constructed of iron so thin that the outside would buckle when it was heated; that it was off center; that the highest temperature given by the burner was 170 degrees; that the moss would gather at the bottom without being properly dried; and that Olsen was continually experimenting and changing in an attempt to correct his mistakes.

This evidence was all denied by respondent, who testified that he did not agree to do the work for $723.64; that he never guaranteed the work; that all of the work done was under the directions of appellants, who continued, for over a year, to experiment and order changes made.

■■ There was a complete failure of proof on the part of appellants as to being damaged in the amount of $120 per day for fourteen months or for any period of time and, as to that item, the trial court was correct in withdrawing it from the consideration of the jury. As to whether or not

appellants were damaged in the amount of $1,700 (the total amount paid by them), and as to whether or not respondent was entitled to recover against appellants for labor and material, there was a conflict in the testimony which required consideration by the jury. It was for the jury to decide what agreement had been entered into, whether or not respondent was required to furnish the equipment of sufficient strength to produce requirements claimed by appellants, whether or not he performed in a workmanlike manner, and all other disputed matters raised by the evidence.

That portion of the judgment dismissing the cross-complaint for damages in the amount of $120 per day for fourteen months is affirmed. The balance of the judgment is reversed and remanded with directions to grant a new trial.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.

[1] Reported in 221 P. (2d) 516.